## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.

                                               **Civ. No.  1:18-cv-01158**

2014 DODGE RAM 1500 ST,

     *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with

Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims

and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action to forfeit and condemn to the use and benefit of the United

States of America property involved in violations of the Controlled Substances Act that is subject

to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and 881(a)(6).

### DEFENDANT *IN REM*

2.     The defendant *in rem* consists of the following:

        2014 DODGE RAM 1500 ST,
        (hereafter referred to as "Defendant Conveyance").

3.     The Defendant Conveyance was seized by the Drug Enforcement Administration

on July 27, 2018, in the District of New Mexico.

4.     The Defendant Conveyance is now, and during the pendency of this action will

be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5.      The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6.      Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district.  Upon the filing of this complaint, the Defendant Conveyance will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7.      On July 26, 2018, Special Agent (SA) Kirk Lemmon obtained Federal search warrant 18-MR-653, signed by the Honorable United States Magistrate Steven C. Yarbrough, for the buildings, trailers, vehicles and property located at 10595 Central Ave NW, Albuquerque, NM, the location of JAQUEZ BROTHERS TRUCKING and residence of Javier Jaquez.

8.      On July 27, 2018, members of the DEA executed the federal search and seizure warrant at 10595 Central Ave NW, Albuquerque, NM. Agents seized the 2014 Dodge Ram 1500 ST, New Mexico License 625TAK (VIN1C6RR6KG8ES422806) and located and seized additional 10 pounds of methamphetamine, one kilogram of heroin, three firearms and $111,437.38 U.S. Currency.

9.      On September 6, 2017, Javier Jaquez used the 2014 Dodge Ram 1500 ST to transport and deliver one pound of methamphetamine to a DEA CS. The CS paid Jaquez $4,400 for the methamphetamine.

10. The following was seized at 10595 Central Avenue NW, Albuquerque, NM, during the search:

    a. 2014 Dodge Ram 1500 ST (VIN 1C6RR6KG8ES422806), registered to Trinidad Jaquez at 927 Sunwest Drive, Albuquerque, New Mexico.

    b. A total of nine (9) packages, 4,500 gross grams of methamphetamine wrapped in black plastic.

    c. One (1) package of 435.8 grams of methamphetamine, contained in a clear plastic bag.

    d. One (1) package of 35.3 gross grams of cocaine contained in a clear plastic bag.

    e. Two (2) packages of 180.6 gross grams of cocaine contained in a clear plastic bag.

    f. One (1) package of 1,400 gross grams of heroin, inside a cardboard box, half wrapped in silver/grey duct tape, inside a clear plastic bag.

    g. $111,417.38 of United States Currency.

    h. US Rock Island A 1900, 30-06 caliber rifle, serial no. 236316, and associated scope.

    i. Colt Commander, .45 caliber pistol, serial no. FC22191E, and associated magazine and ammunition.

    j. FN PS90, 5. 7x28 caliber rifle, serial no. FN103429, and associated magazines, and case.

    k. Miscellaneous ammunition, more specifically described as fifty-one (51) .45 auto, twenty-nine (29) 380 auto, twenty-six (26) 10mm, twenty-two (22) 9mm, four (4) 30-06, one (1) 7.62 x 39 cartages.

l.   Royal Sovereign money counter.

m.  Black Verizon wireless Samsung flip cellular phone.

n.   Black Verizon wireless Mato cellular phone.

o.   Black T-Mobile LG cellular phone with a cracked screen.

p.   Grey Cricket LG cellular phone with a cracked screen.

q.   Grey Coolpad cellular phone.

r.   Silver Alcatel Onetouch cellular phone.

s.   Black & red HTC cellular phone.

t.   Silver iPhone S model A1688 cellular phone.

u.   Blue ZTE cellular phone.

v.   White Samsung Galaxy SIII cellular phone.

w.  Blue BoostMobile flip cellular phone.

x.   Silver iPhone S model A1688 cellular phone.

y.   Miscellaneous documents.

11.   Javier Jaquez has a criminal and drug history, but no employment history.

12.   Trinidad Lorena Jaquez has no criminal, drug or employment history, and was not present at the time of the search and seizure.

## FIRST CLAIM FOR RELIEF

13.     The United States incorporates by reference the allegations in paragraphs 1 through 12 as though fully set forth.

Title 21, United States Code, Section 881(a)(4) subjects to forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property in violation of this subchapter."

14.     Defendant Vehicle was used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substance and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE: Plaintiff seeks arrest of Defendant Conveyance and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Conveyance, costs and expenses of seizure and of this proceeding, and other proper relief.

## SECOND CLAIM FOR RELIEF

15.     The United States incorporates by reference the allegations in paragraphs 1 through 12 as though fully set forth.

16.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable

instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

17.     Defendant Conveyance was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE: Plaintiff seeks arrest of Defendant Conveyance and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Conveyance, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 12/10/18

Kirk T. Lemmon, Special Agent
Drug Enforcement Administration